## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-0845-RPM

CARSON ANTELOPE,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

      Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for

September 4, 2014 at 1:30 p.m., 2nd Flr., Conference Room, Byron White U.S.

Courthouse, 1823 Stout Street, Denver, Colorado, before Honorable Judge Richard P.

Matsch.  Appearing for the parties are:

Alison Ruttenberg, Esq.  
P.O. Box 19857  
Boulder, CO  80308  
Phone: (720) 317-3834  
Ruttenberg@me.com

Edmund M. Kennedy, Esq.  
HALL & EVANS, LLC  
    1001 17th Street, Suite 300  
Denver, CO 80202  
    Phone:  (303) 628-3300  
kennedye@hallevans.com

*Counsel for Plaintiff*

*Counsel for Defendant CCA*

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that it is between citizens of different states, the amount in controversy being more than $75,000.00 exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiffs:** The Plaintiff sued the Defendant for damages for injuries he received due to the negligence of Defendant's employees in failing to keep him safe from harm from the assaults of other inmates. On or about December 21, 2011, the Plaintiff's cellmate Delos Howell came into their cell and told the Plaintiff that he was "taking over" the cell. He instructed the Plaintiff to move out of the cell or check into segregation, or pay him "rent." Delos threatened the Plaintiff with bodily harm if he did not comply. Officers and Employees of the Defendant know that sex offenders in their care are subjected to this type of threat of violence and extortion, but recklessly disregard the fact that sex offenders are at risk of bodily harm by other inmates. The Defendant has no policy, practice or procedure to keep sex offenders safe from assaults by other inmates or to protect them from extortion. When inmates report threats of violence to Officers and Employees of the Defendant, these reports are ignored. The Plaintiff reported the extortion and threat of violence to Sergeant Coulson, the Unit 6 Sergeant. Coulson instructed the Plaintiff to "write a statement," and then he would have to be placed in segregation and transferred to another facility, but that this could

not occur until the Unit 6B Manager, Joy Palomino returned from Christmas vacation on January 3, 2012.

The Plaintiff returned to his cell and told Delos Howell he could not be transferred to segregation until January 3, 2012. Howell demanded that the Plaintiff "pay rent" until January 3, 2012. The Plaintiff reported the extortion and threat of violence to Correctional Officers Waugh and Martinez, Sergeant Romero (a Shift Sergeant) and Sergeant Eikenberg -- all employees of the Defendant. They promised to "watch out" for the Plaintiff, but did not do so. When Joy Palomino returned from vacation on January 3, 2012, the Plaintiff told her everything that happened. He asked her to move him to another unit at CCCF. She refused and told the Plaintiff that if he "did his own time," then he "wouldn't be in this predicament." Palomino knew or should have know that this was not true, that sex offenders have no control over who can find out about their charges and cases since their case numbers are posted on the internet on the DOC inmate locator. It is easy for anyone to use the case numbers to then look up any offender's case to find out the nature of their charges. It was the Defendant's duty to keep the Plaintiff safe from inmate assaults, but the Officers and Employees of the Defendant recklessly disregarded or negligently disregarded this duty.

In early March 2012, Howell came up behind the Plaintiff one evening on the way to supper and punched him in the kidney very hard. On March 23, 2012 at approximately 3:30 p.m., Mr. Webb was in the exercise yard walking. Howell tried to come into the Plaintiff's cell to assault him. The Plaintiff walked out of his cell and stood

by the Case Manager's office where Case Manager Gonzales (an employee of the Defendant) was talking on the telephone. The Plaintiff tried to get Gonzales' attention so he could ask for help, but she continued to just talk on the telephone and did not look up to see what was going on. The Plaintiff then went to the control room to tell Correctional Officer Workman (an employee of the Defendant) that Howell had tried to come into his cell and assault him. Workman told the Plaintiff to go back to his cell and lock the door. The Plaintiff's complied. However, Workman let Howell into the Plaintiff's cell at approximately 3:50 p.m. Howell punched the Plaintiff in the face and split his lower lip, then punched hi in the jaw knocking the Plaintiff to the floor. Howell kicked the Plaintiff's left elbow multiple times and shattered the bone. Howell tried to inflict the same injury on the Plaintiff's right elbow but did not succeed. The Plaintiff was eventually able to get away from Howell and stumbled to the control room.

The Plaintiff was transported to St. Mary's Hospital in Pueblo. The Plaintiff had to have surgery on his left elbow on March 27, 2012 and was then transferred to the inmate infirmary at Colorado Territorial Correctional Facility in Canon City. The pain was so severe that the Plaintiff was prescribed narcotic pain medication for days.

The Plaintiff is currently on parole and is not a prisoner within the meaning of the Prison Legal Reform Act.

**b.    Defendants:**

Defendants generally deny the allegations made by Plaintiff. Specifically, Corrections Corporation of America ("CCA") cannot be the guarantor of the safety of

inmates in its custody.  Short of placing every inmate in segregated confinement, CCA cannot protect an inmate from every other inmate in general population without specific knowledge of the individuals making a threat.   Defendants assert the following affirmative defenses: (1) Plaintiff's Complaint fails to state a claim as to which any relief may be granted against Defendant; (2) Plaintiff is not entitled to the relief sought in the Complaint under any of the theories asserted; (3) the actions of Defendant's employees were taken for legitimate, nondiscriminatory penological purposes and were reasonable under the circumstances; (4) at all times pertinent herein, Defendant's employees acted in good faith and in accordance with all common law, statutory, regulatory, and policy obligations and without any intent to cause Plaintiff any harm; (5) the injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom Defendant has no control or right of control; (6) Plaintiff's injuries and damages, if any, in whole or in part, were either pre-existing or not aggravated by any action or omission of or by Defendant, nor were they proximately caused by or related to any act or omission of Defendant; (7) Defendant never breached any duty owed to Plaintiff at any time in the course of his incarceration at Crowley County Correctional Facility; (8) Plaintiff failed to mitigate his damages, if any, as required by law; (9) Plaintiff's claim for noneconomic damages, if any, is subject to the limitations set forth in C.R.S. § 13-21-102.5; (10) Plaintiff was negligent or contributorily negligent and his comparative negligence equals or exceeds the negligence or liability, if any, of Defendant, and therefore bars or

reduces Plaintiff's recovery as provided by law; (11) Plaintiff's claims, in whole or in part, are governed and limited by the corporate practice of medicine doctrine under Colorado law: (12) Defendant is entitled to all of the terms, conditions, and provisions of the Colorado Health Care Availability Act, C.R.S. §§ 13-64401, et seq.; (13) Plaintiff's damages, if any, may be subject to offset by virtue of amounts received from other sources pursuant to C.R.S. § 13-21-111.6 or as otherwise provided by law.   This defense refers to Colorado's collateral source rule and would be applied by the Court after a verdict if necessary and will not be the subject of any proof at trial other than proof that the Plaintiff has not himself paid for any past medical care that he received during his incarceration.

## 4. UNDISPUTED FACTS

a.      At all times pertinent to this litigation, Defendant Corrections Corporation of America ("CCA") was a corporation doing business in the State of Colorado.

b.      Defendant CCA operated Crowley County Correctional Facility ("CCCF") in Colorado pursuant to the authority and approval of the Colorado Department of Corrections at all relevant times.

c.      Plaintiff is a parolee within the custody of the Colorado Department of Corrections.

## 5. COMPUTATION OF DAMAGES

a.      **Plaintiff**:      The Plaintiff seeks $1,000,000 in compensatory damages.

b.     **Defendants**:

Defendants do not seek any damages in this case other than attorney's fees and

costs recoverable pursuant to applicable federal and Colorado law.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)

a.     The Fed. R. Civ. P. 26(f) meeting was conducted via communications

between counsel beginning on July 16, 2014.

b.     Participants in the meeting were as follows:

Alison Ruttenberg, Esq.            Edmund M. Kennedy, Esq.
P.O. Box 19857                     HALL & EVANS, LLC
Boulder, CO  80308                 1001 17th Street, Suite 300
Ruttenberg@me.com                  Denver, CO 80202
                                   kennedye@hallevans.com
*Counsel for Plaintiff*            *Counsel for Defendant CCA*

c.     The parties do not propose any changes in the timing or requirement of

disclosures under Fed. R. Civ. P. 26(a)(1).

d.     The parties will exchange Rule 26(a)(1) disclosures on **August 22, 2014.**

e.     The parties have not agreed to conduct informal discovery.

f.     The parties agree to abide by a uniform exhibit numbering system.

g.     The parties anticipate that their claims or defenses will involve the

discovery of some electronically stored information.  To the extent that discovery or

disclosures involves information or records in electronic form, the parties will take steps

to preserve that information. The parties agree that, to the extent feasible, the parties

will exchange information (whether in paper or electronic form) in PDF format.  The

parties agree to abide by a uniform exhibit numbering system.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:   Prior to filing, the parties discussed the possibility of settlement.  The parties were unable to reach a pre-litigation settlement.

## 7.  CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment to Pleadings: **September 19, 2014.**

b.    Discovery cut-off:  **January 5 , 2015.**

c.    Dispositive Motions Deadline: **February 9, 2015.**

d.    Expert Witness Disclosure:

(1)    a.    Plaintiff might engage experts in the following possible fields: medicine, forensic pathology, accident reconstruction, prison operations (including, but not limited to, prisoner transport, and training and safety with regard to prisoner transport), provision of medical care in prison operations, custodial officer and medical standards, technology (including video, computer, and motor vehicle/trailer), damages, and any expert necessary for rebuttal and/or impeachment purposes.  Plaintiffs may designate experts in other areas as well.

b.    Defendants anticipate experts in the following fields: medicine, forensic pathology, accident reconstruction, prison operations, prison transportation, and any experts necessary to rebut experts designated by Plaintiffs.

Defendants also reserve the right to designate additional fields of expert testimony as necessary.

       (2)     Parties agree to limit the number of experts to 3 per side.

       (3)     The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 3, 2014**.

       (4)     The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 15, 2015**.

       (5)     Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

     e.    Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff Carson Antelope | TBA | TBA | 5 Hours |
| Gilbert Marquez | TBA | TBA | 3 Hours |
| Delos Howell | TBA | TBA | 3 Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |

| | TBA | TBA | Hours |
|---|---|---|---|
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |
| | TBA | TBA | Hours |

\* The Parties reserve the right to take additional depositions of persons identified in the Parties' disclosures and through the course of discovery.

      f.     Interrogatory Schedule:  The Parties propose submission of the written interrogatories at any time after the date of the 26(f) Conference.  The last written interrogatories shall not be served upon any adverse party any later than 33 days before the discovery cut-off date, **December 3, 2014**.

      g.     Schedule for Requests for Production of Documents: The Parties propose submission of requests for production of documents at any time after the date of the 26(f) Conference.  The last written request for production of documents and/or request for admission shall not be served upon any adverse party any later than 33 days before the discovery cut-off date, **December 3, 2014**.

      h.     Discovery Limitations:

      (1).    Any limits which any party wishes to propose on the number of depositions.

      (2).    Any limits which any party wishes to propose on the length of depositions.

      (3).    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

(4).    Limitations which any party proposes on number of requests for

production of documents and/or requests for admissions.

*[At the rule26(f) meeting, the parties should make a good faith attempt to agree to limit the number of depositions, interrogatories, requests for a admission, and requests for production.  In the majority of cases, the parties should anticipate that discovery will be limited as specified in Fed. R. Civ. P. 30(a)(2)(A), 22.]*

i.    Other Planning or Discovery Orders:

*[Set forth any other proposed orders concerning scheduling or discovery.]*

## 8.    OTHER SCHEDULING ISSUES

a.    Identify the discovery or scheduling issues, if any, on which counsel after

a good faith effort, were unable to reach an agreement:  None.

b.    The Parties estimate that the jury trial will take eight days.

DATED this ___4___ day of ___September___ 2014.

BY THE COURT:

_____

Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

S/ Alison Ruttenberg
Alison Ruttenberg, Esq.
P.O. Box 19857
Boulder, CO  80308
Ruttenberg@me.com

S/ Edmund M. Kennedy
Edmund M. Kennedy, Esq.
HALL & EVANS, LLC
1001 17th Street, Suite 300
Denver, CO 80202
kennedye@hallevans.com

*Counsel for Plaintiff*

*Counsel for Defendant CCA*

11